# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GERALD CARMICHAEL CAMPBELL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV417-094 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Proceeding *pro se*, Gerald Campbell has timely filed a Complaint asking the Court to review the final denial of his social security disability claim. Doc. 1. The Court now preliminarily screens plaintiffs' complaint.[1]

Campbell doesn't provide the Court with much. He complains

---

[1] District courts have the inherent power to *sua sponte* dismiss frivolous lawsuits, even those where the plaintiff pays the required filing fee. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n. 3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Wilkerson v. Georgia*, 2014 WL 3644179 at * 1 (S.D. Ga. July 21, 2014) (dismissing *pro se* complaint on frivolity grounds even though plaintiff paid full filing fee), *rev'd on other grounds* 618 F. App'x 610 (11th Cir. 2015).

that the denial of benefits was driven not by his ability to work but in "retaliation" for "the judgment [he] won against the Ga. Dept. of Labor, which is directly connected to the Social Security Disability Adjudication." Doc. 1 at 3 & doc. 3 at 1. He explains that he has been diagnosed with prostate cancer and hepatitis C, among other things, and so was entitled to a disability finding. Doc. 3 at 1. The Court, however, needs more than a single sentence identifying Campbell's diagnoses and several pages regarding a conspiracy to deny him benefits and complaints about his disability counsel. Given his *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so requires," the Court will give plaintiff another shot:

In his Amended Complaint, plaintiff must sufficiently allege facts demonstrating that he is entitled to relief.[2] If Plaintiff fails to file an Amended Complaint *within 21 days* from the date this Order is served,

---

[2] To demonstrate entitlement to relief, plaintiff must set forth: (1) a short, plain description of his alleged physical or emotional impairments, when he contends they became disabling, and how the impairments prevent him from working; (2) a summary of all the administrative proceedings before the Social Security Administration; and (3) a short, separate statement of each of his legal claims explaining *why* the evidence does not support the Social Security Administration's findings and denial of benefits.

or fails to cure the deficiencies identified above, the Court will recommend that the Complaint be dismissed with prejudice.

**SO ORDERED,** this   14th   day of June, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA