# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GERARD CARMICHAEL CAMPBELL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV417-094 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

FILED
Scott L. Poff, Clerk
United States District Court

*By jburrell at 2:08 pm, May 15, 2018*

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Gerard Carmichael Campbell seeks judicial review of the Social Security Administration's denial of his application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).

## I.   GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's

decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).   The ALJ applies

. . . a five-step, "sequential" process for determining whether a claimant is disabled.   20 C.F.R. § 404.1520(a)(1).   If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step.   *Id.* § 404.1520(a)(4).   At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.   *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe."   *Id.* § 404.1520(a)(4)(ii).   At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment.   *Id.* § 404.1520(a)(4)(iii).   If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work.   *Id.* § 404.1520(a)(4)(iv).   If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience.   An ALJ may make this determination either by

---

[1]   At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).   RFC is what "an individual is still able to do despite the limitations caused by his or her impairments."   *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented.   In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2

applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II.   THRESHOLD PROCEDURAL MATTERS

Campbell complains, again, that he is better able to argue his claims in person than on paper.  Doc. 19 at 1 ("I am tired of writing letters I have explained to you I am a verbal person.").  But he has adequately pointed to the error he contends the ALJ made in evaluating the record and his physical impairments (*i.e.*, that his status post-prostate removal, and resultant frequent urination, comprises a medically severe (and, further, disabling) impairment).  *Id.* at 2.  The Court needs no hearing or oral argument to review the Commissioner's decision to see if it is indeed supported by substantial evidence.

Campbell also disputes the Court's repeated denial of his request that counsel be appointed to represent him.   He notes that he "is willing to pay for some representation (within reason)[2] knowing that [he is] at a

---

[2]   Plaintiff was represented by counsel before the agency and has chosen to proceed *pro se* in his action seeking review of the Commissioner's decision.  That he was unable to, apparently, find counsel in a palatable price range does not entitle him to the appointment of counsel at the public's expense or to an order than an attorney be compelled to represent him at a reduced hourly rate.

150% disadvantage" proceeding *pro se*.   Doc. 19 at 1 (footnote added). But, as he has been informed, he does not have a constitutional right to counsel in this civil case seeking administrative review.   The Court appoints counsel only in exceptional circumstances, where the "facts and legal issues are so novel or complex as to require assistance of a trained practitioner."   *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).   This is not such a case.   *See, e.g., Bostic v. Astrue*, 2012 WL 3113942 at *2 (S.D. Ga. July 31, 2012); *Ledford v. Astrue*, 2009 WL 321632 at *1 (S.D. Ga. Feb. 9, 2009).

Finally, Campbell freshly demands "$100,000 in damages [and] $50,000 punitive of the 100,000."   Doc. 19 at 3.   Campbell misperceives the nature of this action.   He has invoked this Court's jurisdiction *only* to review the denial of benefits.   42 U.S.C. § 405(g)-(h) (limiting the federal district courts' judicial review of final decisions of the Commissioner); *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 8-10 (2000).   Money damages are not on the table.

In sum, plaintiff's requests for a hearing, for appointment of counsel, and for monetary damages (doc. 19) should be **DENIED.**

## II.   ANALYSIS

Campbell, who was 60 years old when his SSI and DIB claims were denied, alleges disability beginning on June 13, 2012. Tr. 242-43, 249-52.   He completed the 12th grade and has past job experience as a boiler room operator, island attendant, janitor, security officer, and truck driver.   He alleged disability due to hypertension, kidney problems, blood circulation problems, gout, heart disease, and depression.   Tr. 271.

After a hearing, the ALJ issued an unfavorable decision. Tr. 21-27.   He found that while Campbell had medically determinable impairments of affective disorder, renal failure, and gout, he did not have an impairment, or combinations of impairments, that were considered "medically severe."   Tr. 23 (finding that they did not significantly limit his ability to perform basic work-related activities for 12 consecutive months).   Thus, he was not disabled.   Tr. 27.   Campbell disagrees, arguing that the ALJ erred in his evaluation of the medical record.   Doc. 19.

Diagnoses alone do not prove inability to work.   *Moore*, 405 F.3d at 1213 n. 6; *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986);

20 C.F.R. §§ 404.1505(a); 404.1520(a)(4)(iv) (severe health problems must preclude substantial gainful activity, not simply exist).  In other words, the mere fact that an impairment is "medically determinable" (*i.e.*, it "exists") does not make it "severe" (*i.e.*, that it "significantly effects" a claimant's ability to work).  *See* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).  A severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987) (citing with approval SSR [3] 85-28 at 37a).  The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

Plaintiff bears the burden to prove that he is disabled, and, consequently, to produce evidence in support of his claim.  *See* 20 C.F.R. § 416.912(a) (the burden is on the claimant to "furnish medical and other

---

[3]   Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted."   20 C.F.R. § 402.35(b)(1).   SSRs are entitled to deference, but they are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (the claimant "must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled"); *McDaniel*, 800 F.2d at 1030-31 (plaintiff has the "burden of showing that [his] impairments are 'severe' within the meaning of the Act."); *see also* 42 U.S.C. § 1382c(a)(3)(c) (a physical or mental impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.").   Once the plaintiff establishes that he suffers from a severe impairment, the ALJ is not entitled to ignore that evidence.   Here, however, plaintiff has not met his burden.

Plaintiff does not dispute that the ALJ properly found his medically determinable renal failure, hypertension, and affective disorder to be non-severe.[4]   Doc. 19.   He does, however, dispute that his

---

[4]   As this Court has explained, a plaintiff "waive[s] all challenges to the ALJ's decision except the one[s] briefed."  *Jones ex rel. Martensen v. Colvin*, 2015 WL 4770059 at *3 n. 3 (S.D. Ga. Aug. 12, 2015) (citing *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App's 855, 856 n. 1 (11th Cir. 2013)).   And this Court will not, on its own, hunt down any such reasons.  *Beasley v. Berryhill*, 2018 WL 1547865 at *3 (S.D. Ga. Mar. 6, 2018) (citing *United States v. Dunkel*, 927 F.3d 955, 956 (7th Cir. 1991) ("Judges are

gout and frequent urination, a result of his status post-prostate removal, are severe and disabling.   Docs. 8 & 19.

But the medical record is unambiguous that after having his prostate removed (post-prostate cancer diagnosis) in May 2015, he did well without complication.   Tr. 25; *see* tr. 502, 516, 55-60.   His surgeon instructed plaintiff to do Kegel exercises as part of his treatment course to address his complaints of post-surgical incontinence.   *See* tr. 24, 558-60.   There is no other medical evidence supporting any complaints of ongoing incontinence, and no indication that the symptoms would not abate with treatment.   And aside from complaining of gout in December 2012, plaintiff's repeated normal motor examinations (*see, e.g.,* tr. 423, 425-26, 447) and lack of any clubbing, cyanosis, edema, deformity, or limits to his range of motion (*see* tr. 469, 474) contradict his complaints of a medically severe impairment.   Plaintiff even *denied* joint pain and swelling, gout, or loss of strength to his treating physician.   Tr. 468 (December 2013) & 473 (March 2014); *see also* tr. 76-78 (ALJ questioned plaintiff's counsel about where in the record, aside from plaintiff's self-reported gout diagnosis to the consultative examiner, he believed a

---

not like pigs, hunting for truffles buried in briefs.")).

8

gout diagnosis could be found).   In an October 2013 consultative evaluation, plaintiff had full range of motion in all joints in all extremities, no sensory or motor deficits in any extremity, no atrophy, and normal, bilateral grip strength.   Tr. 447.   He could walk on his heels and toes, had negative bilateral straight leg raises, and needed no assistive devices.   *Id.*   The examiner opined he had no limitations of work activity.   *Id.*   Aside from his contentions, plaintiff points to nothing in this record to indicate that his medically determinable impairments were *severe*.   *Cf.* tr. 26, 125-39, 157-71 (state agency medical experts on both initial review and reconsideration opined that plaintiff's physical impairments were non-severe).

Plaintiff reported that he could cook, clean, do laundry, shop for groceries, do yard maintenance (*i.e.*, cutting grass, raking, and picking up debris) and perform household chores (*i.e.*, sweeping, vacuuming, and mopping).   Tr. 25, 62-64.   He lives with his brother and has a girlfriend. Tr. 62, 65-66.   He was able to sit through the full administrative hearing, which lasted more than an hour (from 1:15 p.m. to 2:23 p.m.) without requesting a break.   *See* tr. 35-86; tr. 69 (when offered a five minute break by the ALJ, Campbell accepted, but made no such request

on his own).    While he reported needing to urinate three to four times an hour and needing crutches to ambulate during a "flare up" of his symptoms, tr. 72-74, there is no evidence in the record endorsing either limitation as being a functional restriction on his ability to do basic work activities.    Tr. 23-26.

As explained by the ALJ, plaintiff's "treatment regimen is inconsistent with his allegations," with no signs or symptoms supporting a gout diagnosis and continual failures to comply with his medication directives.    Tr. 25.    His activities of daily living, completed without issue despite his report of severe limitations, further impugned plaintiff's credibility.    *Id.*    The ALJ permissibly discounted Campbell's self-reported pain testimony that when he has a bad gout flare-up or a depressive episode he "can't do anything" but lie in bed with his feet elevated.    Tr. 72-76; *see Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) ("Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment."), quoted in *Perez Guerrero v. Colvin*, 2016 WL

4807953 at *6 (S.D. Fla. Mar. 23, 2016).

Ultimately, the ALJ's conclusion that plaintiff's impairments are all non-severe is supported by substantial evidence in the record, and that is all that is needed.    *Dyer,* 395 F.3d at 1210; *Mitchell,* 771 F.3d at 782.    Plaintiff failed to meet his burden to prove he has a severe impairment that both meets the twelve-month duration requirement, *Davis v. Barnhart*, 186 F. App'x 965, 967 (11th Cir. 2006), and significantly limits his ability to do basic work activities, *Bridges v. Bowen*, 815 F.2d 622, 625 (11th Cir. 1987).    *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (plaintiff bears the burden of proving he has a severe impairment or combination of impairments).

## III.   CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this __15th__ day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA