UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GERARD CARMICHAEL )
CAMPBELL, )
 )
    Plaintiff, )
 )
v. )
 ) CV417-094
NANCY A. BERRYHILL, )
Acting Commissioner of )
Social Security, )
 )
    Defendant. )

## **ORDER**

*Pro se* plaintiff Gerard Carmichael Campbell objects to the magistrate judge's Report and Recommendation (R&R) that the final decision of the Acting Commissioner be affirmed (doc. 21). Doc. 22. He refers, again, to the Court's prior decision in 2013. *Id.* at 2, citing CV412-304. The magistrate judge there recommended dismissal because plaintiff had failed to demonstrate exhaustion of the administrative process. CV412-304, doc. 6. District Judge Moore declined to adopt the dismissal recommendation, noting that plaintiff had finally demonstrated exhaustion by providing a copy of his denied request for review by the Appeals Council. CV412-304, doc. 10. Plaintiff clearly misunderstands the nature of the district judge's Order in that case. That Order noted only that he had exhausted his administrative remedies -- in other words, the district judge merely concluded that Campbell had completed the steps necessary to get into this Court. CV412-304, doc. 10. The Court made absolutely no finding whatsoever regarding the *merits* of his claim.

After service of the Complaint on the Commissioner, Campbell voluntarily dismissed his case, ostensibly on the advice of counsel. *See* doc. 22 at 1-2; CV412-304, doc. 19 (dismissing without prejudice). In *this* case, he has for the first time received a decision evaluating the merits of his case. Doc. 21. The two cases are not interchangeable, and no finding from CV412-304 binds the Court in CV417-094.

Instead of lodging any objection to the Court's treatment of the *merits* in this case -- recommending affirming the Commissioner's decision that he failed to prove that his medically determinable impairments were "medically severe" at Step 3 (doc. 21) -- Campbell accuses the magistrate judge of ignoring the Court's prior decision "order[ing] the Court to proceed with [his] case." Doc. 22 at 1. But, as explained above, District Judge Moore's Order in that case (CV412-304, doc. 10) only allowed plaintiff's Complaint to be served on the Commissioner. It did *nothing* else. The finding that plaintiff had, after all, exhausted the administrative review process prior to coming to federal court is completely irrelevant to the merits in *this* case. And plaintiff has not even hinted at any way that the magistrate judge's recommendation on the merits in *this* case is wrong.

Instead, he claims to have "pertinent documentation" that he will only provide in person at a hearing. Doc. 22 at 1. As the magistrate judge explained in the R&R, there is no entitlement to a hearing where the record is unambiguous. Doc. 21 at 3; *see also* S.D. Ga. L. R. 7.2 (oral argument *may* be permitted upon request at the discretion of the Court). And the record here is unambiguous that Campbell's diagnosed ailments are not medically severe. Doc. 21 at 5-11; *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). To the extent that Campbell is now trying to introduce new material into the record that was before neither the ALJ nor the

Appeals Council on review,[1] this Court *cannot* consider it. Evidence which has not been timely incorporated into the record before the ALJ "*cannot* be considered by the District Court" in reviewing the Commissioner's final decision. *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001) (emphasis added); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (where the Appeals Council, as here, denies review of the ALJ's decision the "record" the district court reviews includes the evidence considered by the ALJ and the Appeals Council).[2] Put differently, while he may feel he is better able to argue his case in person than on paper, there is nothing for Campbell to show this Court at a hearing that he was unable to set forth in his briefs.

After a careful de novo review of the record in this case, the Court concurs with the R&R. Accordingly, the Court **ADOPTS** the R&R as its opinion, affirms the Acting Commissioner's final decision, closes this civil action, and directs the Clerk to enter final judgment in favor of the Acting Commissioner.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of June, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Appeals Council considered records provided from Curtis V. Cooper Primary Health Care prior to denying review of the ALJ's decision, tr. 8-9, and thus made those records part of the Administrative Record. After that denial, the record *closed*. Anything not submitted prior to the Appeals Council's denial of review is therefore "new" material.

[2] Any medical records he may have gathered in the years since the Commissioner's final decision was made are simply *not relevant* to this Court's review -- though they may be relevant should he reapply for benefits. Review of the Commissioner's decision is limited to the record before the ALJ at the time of the decision.